UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BENNY W. FRANKLIN, | ) C/A No. 4:23-6591-BHH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| WARDEN, F.C.I. BENNETTSVILLE, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |
| | ) |

The Petitioner, Benny Franklin ("Petitioner"), appearing *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on December 15, 2023. The Respondent filed a motion to dismiss or, in the alternative, a motion for summary judgment. (ECF No. 14). The undersigned issued an order filed March 22, 2024, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (ECF No. 15). Petitioner filed a response on April 3, 2024. (ECF No. 17).

**STANDARD FOR SUMMARY JUDGMENT**

As previously stated, the Respondent filed a motion to dismiss, or for summary judgment. The undersigned will treat this motion as one for summary judgment under

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Rule 56 of the Federal Rules of Civil Procedure.

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive

evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION

**FACTUAL BACKGROUND/ARGUMENTS**

At the time of the filing of this petition, Petitioner was housed at the Federal Prison Camp in Bennettsville, South Carolina. Petitioner filed this petition seeking relief pursuant to 28 U.S.C. § 2241. Specifically, Petitioner filed this action alleging that the BOP failed to properly apply his time credits for Evidence-Based Recidivism Reduction Programming and Productive Activities under the First Step ACT, 18

U.S.C. 3632(d)(4)(A). Petitioner contends that he has earned over 550 days of time credits and is eligible to apply the credits toward early release, including to Residential Reentry Center (RRC) placement or home confinement. Petitioner asserts that the BOP failed to follow the mandate of the First Step Act by denying him a 510-day placement in an RRC or home confinement as his Unit Team recommended. In the petition, Petitioner requests that he be released to the RRC or, if there is no room in the RRC, that the BOP release him to home confinement.

Respondent attached the declaration of J. Carter, Paralegal for the South Carolina Consolidated Legal Center, located at the Federal Correctional Institution, Edgefield, South Carolina. Carter states that the information includes, but not limited to, access to the BOP's SENTRY computer database, which tracks the status, activities, administrative remedies, and disciplinary actions of inmates in federal custody. Petitioner is an inmate incarcerated at the Satellite Prison Camp located adjacent to the Federal Correctional Institution, in Bennettsville, South Carolina. His projected release date, via First Step Act Release, is January 30, 2025, and he has a home detention date of July 30, 2024.  Carter declares that according to the BOP's most recent calculation of Petitioner's earned time credits, as of March 3, 2024, he has 600 total FSA earned time credits. The BOP applied, and Petitioner has received, the statutory maximum of 365 days of credits toward early transfer to supervised release,

resulting in a projected release date of January 30, 2025, via First Step Act release, rather than his Final Statutory Release date of January 30, 2026. Petitioner also earned 235 days of credits toward prerelease custody, that is, RRC placement or home Confinement. These 235 credits are over and above the 365 days of credits already applied to his sentence. In May 2023, Unit team staff prepared RRC referral paperwork for Petitioner's placement in an RRC, recommending a proposed placement date of September 9, 2023, based upon the Second Chance Act and Petitioner's FSA time credits earned at that time. The Residential Reentry Management Office) (RRM) due to lack of resources and bed space, scheduled a Home detention date of July 30, 2024.

Respondent further asserts that the petition should be dismissed for failure to exhaust his administrative remedies. Specifically, Carter declares that Petitioner filed an administrative remedy complaint at the institutional level on August 22, 2023, the remedy was closed, and Petitioner provided information on September 13, 2023. (ECF No. 14-1 at 2). Petitioner appealed to the Regional Office level on September 28, 2023, Remedy ID No. 1174233-R1, the remedy was closed, and a response provided on November 6, 2023. (Id. at 3). However, Carter declares that Petitioner did not further appeal to the Central Office but instead filed this petition on December 15, 2023. (Id.). Petitioner filed a response stating that he filed a BP 8 and 9 which were

denied. (ECF No. 17). Petitioner contends that he filed a BP10 on September 28, 2023, but never received a response. Petitioner asserts that he never received a response on November 6, 2023, as stated by the Respondent and was actually incarcerated in Lexington, Kentucky. Petitioner asserts that he was transferred to FCI Bennettsville on November 14, 2023, and still did not receive a response. Further, Petitioner attached a copy of a statement to him from the Administrative Remedy Coordinator, Mid-Atlantic Regional Office, dated January 8, 2024, stating that additional time was needed to respond to the regional appeal, Remedy ID No. 1174233-R1, received September 28, 2023, and stating "We are extending the time for response as provided for in the administrative remedy program statement." (ECF No. 17-1). Therefore, Petitioner asserts that he filed the petition.

## ANALYSIS

Petitioner was housed at the Federal Prison Camp at Bennettsville, South Carolina when he filed this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his custody credit by the Bureau of Prisons ("BOP"). Petitioner has asked for release to home confinement. Respondent stated in the memorandum that Petitioner was to be released for placement in an RRC but that the Residential Reentry Management (RRM), due to a lack of resources and bed space, scheduled a Home detention date of July 30, 2024. The BOP's website

confirms that Petitioner is no longer at the Satellite prison camp in Bennettsville and refers to "Raleigh RRM." The court issued a five day order instructing the parties to inform the court if Petitioner had been released to home confinement on July 30, 2024. On August 14, 2024, Respondent filed a response confirming that Petitioner was transferred to home confinement on July 31, 2024, and is under the supervision of the Raleigh Residential Reentry Management Office. (ECF No. 22). Petitioner has received the relief he requested in his petition. Accordingly, this petition must be dismissed, as moot.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir.1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)); Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Therefore, when changes occur during the course of litigation that eliminate the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.").

In Leonard v. Hammond, the Fourth Circuit noted that there are two exceptions to the mootness doctrine: (1) the "collateral consequences" exception; and (2) the

"capable of repetition, yet evading review" exception. 804 F.2d at 842. Under the collateral consequences exception, a habeas claim is not moot where a conviction results in collateral consequences that survive the sentence. Id. Under the capable of repetition, yet evading review exception, a conviction is not moot where two elements are met: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Leonard, 804 F.2d at 842.

Where, as here, a petitioner is released from custody after filing a § 2241 application, the petition is not *ipso facto* rendered moot. Instead, the inquiry focuses on whether the court nonetheless can grant petitioner the relief he requests. Salgado v. Fed. Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir.2007). In his petition, Petitioner requested that the BOP transfer him to home confinement if there is no room for him in a Residential Reentry Center (RCC).  Since Petitioner is no longer incarcerated in the federal prison camp and has been provided the relief he requested, the Court cannot provide that relief, and his petition accordingly has been rendered moot. Id. at 256–57 (dismissing appeal of denial of §2241 petition as moot where petitioner sought reduction in prison term and was released from prison while appeal was pending); Williams, 716 F.3d at 809. Further,  there is no basis to find that either

exception to the mootness doctrine applies, Leonard, 804 F.2d at 842.

In light of the fact that Petitioner was released from the Federal Satellite Prison Camp adjacent to FCI Bennettsville, South Carolina, and it appearing there is no further relief that this court can provide, it is recommended that this action be dismissed as moot. See e.g., Alston v. Adams, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2006).[2]

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed as moot, and Respondent's motion for summary judgment be deemed moot.[3]

Respectfully Submitted,

s/Thomas E. Rogers, III

August 14, 2024
Florence, South Carolina

Thomas E. Rogers, III
United States Magistrate Judge

The parties' attention is directed to the important notice on the next page.

---

[2] Where a petitioner attacks his sentence only and not the validity of his conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982).

[3] Although Respondent did not argue for dismissal based on mootness, "[m]ootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013) citing North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).